# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **Delphine Callegher,**<br>　　　*Plaintiff* | §<br>§<br>§ | |
| **v.** | §<br>§ | **No. 1:25-cv-02128-ADA-SH** |
| **Travis County, Texas; The Honorable**<br>**Randall Slagle,** *in his official capacity as*<br>*Justice of the Peace for Precinct Two*;<br>**Alejandro Muleiro; and Brian Fron,**<br>　　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§ | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ALAN D ALBRIGHT**
**        UNITED STATES DISTRICT JUDGE**

Now before the Court are Plaintiff Complaint (Dkt. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 3), and Motion to Appoint Counsel (Dkt. 4), all filed December 23, 2025.[1]

## I.    Background

Plaintiff Delphine Callegher, proceeding *pro se*, challenges her eviction. Complaint, Dkt. 1. Callegher and Brian Fron lived in a rental house at 2505 Wood Chase Trail in Austin, Texas. Dkt. 2-3 at 2, 5. After they did not pay rent for two months, their landlord, Alehandro Muleiro, issued a Notice to Vacate the property under Texas Property Code § 24.005. *Id.* at 5. Callegher did not vacate the property, and Muleiro filed an eviction suit in Travis County Justice of the Peace Court ("JP Court") under Texas Property Code § 24.00505. Dkt. 1 ¶ 21; *Muleiro v. Callegher*, No. J2-CV-25-006913 (JP Court Prec. 2, Travis Cnty., Tex. Oct. 9, 2025).

---

[1] On March 9, 2026, the District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 7.

Callegher filed multiple suits in state court to stop the eviction.[2] *Callegher v. Fron*, C-1-CV-25-004218 (Cnty. Ct. at Law No. 1, Travis Cnty., Tex. July 1, 2025) (seeking a temporary restraining order to stop the eviction and alleging Americans with Disabilities Act ("ADA") and Fair Housing Act ("FHA") violations), *transferred to the 459th Dist. Ct. of Travis Cnty.*, No. D-1-GN-25-007015 (459th Dist. Ct., Travis Cnty., Tex. Aug. 26, 2025) (pending motions for temporary restraining order ("TRO") and ADA accommodations); *Callegher v. Fron and Muleiro*, No. D-1-GN-25-005501 (98th Dist. Ct., Travis Cnty., Tex. July 31, 2025) (pending petition alleging wrongful and retaliatory eviction against Fron and Muleiro).

The JP Court entered judgment for Callegher's landlord and issued a Writ of Possession and Judgment Order ("Eviction Order") against her. Dkt. 1 ¶¶ 24, 26. Callegher alleges that she was evicted on November 13, 2025. *Id.* ¶ 27. She appealed the Eviction Order to Travis County Court at Law No. 2. *Muleiro v. Callegher*, No. C-1-CV-25-00719 (Cnty. Ct. at Law No. 2, Travis Cnty., Tex. Nov. 7, 2025). In her appeal, Callegher argued that the Eviction Order was void ab initio because the court lacked jurisdiction, violated her due process rights, and wrongly denied her requests for accommodations under the ADA. *Id.* at Dkt. 1. Her appeal is pending.

On December 23, 2025, Callegher filed this civil rights suit against Defendants Muleiro, Fron, and Travis County Justice of the Peace Randall Slagle in his official capacity, once again alleging that the Eviction Order is void ab initio and that her eviction proceedings were unlawful and violated her constitutional rights and rights under the ADA, FHA, and Rehabilitation Act. Dkt. 1. Callegher also filed a motion for TRO "to halt the ongoing effects of an eviction executed under a writ of possession that was void for lack of jurisdiction at the time of enforcement." Dkt. 2 at 2.

---

[2] The Court takes judicial notice of Callegher's state court proceedings as a matter of public record under Federal Rule of Evidence 201. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) ("We may take judicial notice of prior court proceedings as matters of public record.").

The District Court denied the TRO on March 6, 2026. Dkt. 6. Callegher also seeks to file her Complaint without paying the filing fee, Dkt. 3, and court-appointed counsel, Dkt. 4.

## II.    Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she cannot pay such fees or security. To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "A district court's determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). A plaintiff need not "be absolutely destitute" or spend "the last dollar they have" toward payment of court costs for *in forma pauperis* status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide' himself and dependents with the necessities of life." *Id.* (cleaned up).

Based on her financial affidavit, the Court finds that Callegher cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** her Application for *in forma pauperis* status. *In forma pauperis* status is granted subject to a later determination that this action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Callegher also is informed that although she has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Because the Court finds that Callegher's Complaint should be dismissed under § 1915(e)(2)(B), service is not ordered at this time.

### III.    Section 1915(e)(2) Frivolousness Review

Because Callegher has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under 28 U.S.C. § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it determines that the action is (1) "frivolous or malicious"; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is "frivolous" when it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citation omitted). "A claim is also legally frivolous when the court lacks subject matter jurisdiction over it." *Hanlan v. United States*, No. SA-25-CV-00500-XR, 2025 WL 2673903, at *1 (W.D. Tex. Sept. 17, 2025).

#### A.  Judicial Immunity

Judges enjoy absolute immunity from suit for acts undertaken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (finding judicial immunity to be absolute and "not overcome by allegations of bad faith or malice" or corruption). Because Callegher alleges conduct in connection with Justice of the Peace Slagle's official acts, her claims trigger judicial immunity. The Supreme Court has explained that two limited exceptions to this doctrine exist: acts the judge takes in a non-judicial capacity, and "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. This Magistrate Judge finds that neither exception applies here. Callegher's claims against Justice of the Peace Slagle are barred by absolute judicial immunity.

**B.** *Rooker-Feldman*[3] **Doctrine**

Callegher's claims against the remaining Defendants are barred under the *Rooker-Feldman* doctrine. "Subject matter jurisdiction defines the court's authority to hear a given type of case." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The jurisdiction of the federal courts is established by the Constitution and by congressional statutes. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). Article III of the Constitution provides that the "judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, and the Laws of the United States." U.S. CONST. art. III, § 2.

Callegher's suit is framed as arising under the laws of the United States: § 1983 and the ADA, FHA, and Rehabilitation Act. Her suit thus falls within the boundaries of the potential jurisdiction of the federal courts as established by Article III of the Constitution. *Weekly*, 204 F.3d at 615.

> No statute exists, however, granting federal district courts jurisdiction to hear appeals from state court decisions. 28 U.S.C. § 1257 provides that "final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." No parallel provision exists similarly granting appellate jurisdiction over state court decisions to the inferior federal courts. The Supreme Court has definitively established, in what has become known as the *Rooker-Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Id.* (cleaned up). Under the *Rooker-Feldman* doctrine, litigants "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Eitel v. Holland*, 798 F.2d 815, 818 (5th Cir. 1986). When constitutional claims

---

[3]*Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

presented in federal court are "inextricably intertwined" with the state court's ruling, "the federal court should not entertain the claims." *Id.*

While Callegher asserts civil rights claims, the Court finds that they are "inextricably intertwined" with the state court's Eviction Order. Her suit therefore is barred under the *Rooker-Feldman* doctrine. *See Liedtke*, 18 F.3d at 318 (affirming dismissal of § 1983 suit when plaintiff's claims were "inextricably intertwined" with state court judgment); *Rangel v. ASLM II*, No. EP-24-CV-00436-DCG, 2025 WL 2731841, at *2 (W.D. Tex. Sept. 25, 2025) (finding that plaintiff's suit challenging a state court eviction order was barred and dismissing it under § 1915(e)(2)(B)); *Lafta v. Texas*, No. 1:24-CV-00527-RP-SH, 2024 WL 2834498, at *3 (W.D. Tex. June 3, 2024) (same), *R. & R. adopted*, 2024 WL 3908738 (W.D. Tex. Aug. 22, 2024), *aff'd*, 2025 WL 1157553 (5th Cir. Apr. 21, 2025); *Goulla v. Wells Fargo Bank*, No. 1:21-CV-1042-RP-SH, 2022 WL 1237601, at *4 (W.D. Tex. Apr. 26, 2022) (same), *R. & R. adopted*, 2022 WL 17732689 (W.D. Tex. Aug. 18, 2022).

This Magistrate Judge recommends that Callegher's suit be dismissed as frivolous under § 1915(e)(2)(B) for lack of subject matter jurisdiction. *Hanlan*, 2025 WL 2673903, at *1.

### IV.    Motion for Appointment of Counsel

Callegher also asks the Court to appoint counsel to represent her in this matter. A *pro se* plaintiff in a civil case, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citation omitted). A district court need not appoint counsel for an indigent plaintiff in a civil lawsuit unless exceptional circumstances warrant an appointment. *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021). Factors a court should consider in determining whether exceptional circumstances warrant appointment of counsel include the: (1) type and complexity of the case; (2) plaintiff's ability adequately to present and investigate his case; (3) presence of evidence that largely consists of

conflicting testimony, requiring skill in presentation and cross-examination; and (4) likelihood that appointment will benefit the plaintiff, the court, and the defendant by shortening the proceeding and assisting in just determination. *Id.*

The Court finds that Callegher has not shown exceptional circumstances warranting appointment of counsel. The issues presented do not appear to be particularly complex, and Callegher has adequately and coherently litigated her case thus far. Because she has not presented exceptional circumstances to warrant the appointment of counsel, Callegher's Motion to Appoint Counsel (Dkt. 4) is **DENIED**.

### V.    Order

The Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **DENIES** her Motion to Appoint Counsel (Dkt. 4).

### VI.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** without prejudice Plaintiff Delphine Callegher's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

### VII.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 26, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

8